IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



ROBERT BENJAMIN STOUT,

    Plaintiff,

v.                                     Civil Action No. 3:09CV537

PETER MELETIS, et al.,

    Defendants.

## MEMORANDUM OPINION

Robert Benjamin Stout, a Virginia inmate, brings this 42 U.S.C. § 1983 action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. § 1343(a)(3).

### I. PROCEDURAL HISTORY

The Magistrate Judge made the following findings and recommendations:

#### Preliminary Review

This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); see 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller,

*Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Plaintiffs can not satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Bell Atl. Corp., 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Summary of Allegations

Between April 30, 2005 and May 3, 2005, Plaintiff was an inmate at the Prince William County Adult Detention Center ("ADC"). Plaintiff contends that ADC personnel denied him adequate medical care for his diabetes. Specifically, Plaintiff contends that he was denied insulin and had to be rushed to the hospital. At the hospital, Plaintiff was diagnosed with "ketoacidosis" and "dangerously high blood sugar levels" that resulted in unspecified permanent damage to internal organs, along with pain and mental aguish. (Compl. 4.) Plaintiff names three employees of ADC as defendants. Plaintiff demands $2,000,000.

## Analysis

Because 42 U.S.C. § 1983 does not explicitly provide its own statute of limitations, the courts borrow the personal injury statute of limitations from the relevant state. See Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (citing Wilson v. Garcia, 471 U.S. 261, 266-69 (1985)). Virginia applies a two-year statute of limitations to personal injury claims. See Va. Code Ann. § 8.01-243(A) (West 2010). Hence, Plaintiff must have filed his current complaint within two years from when the underlying claim accrued. "A claim accrues when the plaintiff becomes aware of his or her injury, United States v. Kubrick, 444 U.S. 111, 123 (1979), or when he or she 'is put on notice . . . to make reasonable inquiry' as to whether a claim exists." Almond v. Sisk, No. 3:08cv00138, 2009 WL 2424084, at *4 (E.D. Va. Aug. 6, 2009) (alteration in original) (quoting Nasim, 64 F.3d at 955).

Here, the limitation period commenced sometime between April 30, 2005 and May 3, 2005, when Plaintiff was allegedly denied insulin and rushed to the hospital. The present action was not executed until June 22, 2009. See Lewis v. Richmond City Police Dep't, 947 F.2d 733, 736 (4th Cir. 1991) (concluding inmate's civil action was filed for statute of limitation purposes when handed to prison officials for mailing). Plaintiff does not suggest any basis for a later commencement of the statute of limitations or for tolling the statute of limitations. Thus, the action is barred by the two-year statute of limitations. Accordingly, it is RECOMMENDED that the action be dismissed.

(June 25, 2010 Report and Recommendation.) The Court advised Stout

that he could file objections or an amended complaint within fourteen (14) days of the date of entry thereof. Stout has filed objections.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing Mathews v. Weber, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute." Thomas v. Arn, 474 U.S. 140, 147 (1985). In the absence of a specific written objection, this Court may adopt a magistrate judge's recommendation without conducting a de novo review. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 316 (4th Cir. 2005).

## III. STOUT'S OBJECTIONS

Stout objects to the conclusion that his action is barred by the statute of limitations. First, Stout contends that the limitation period is tolled pursuant to section 8.01-229(A)(3).

That statute provides that, "[i]f a convict is or becomes entitled to bring an action against his committee, the time during which he is incarcerated shall not be counted as any part of the period within which the action must be brought." Va. Code Ann. § 8.01-229(A)(3) (West 2010). By its plain language, section 8.01-229(A)(3) of the Virginia Code tolls the statute of limitations only in actions by an inmate against his "committee." The committee referred to in this section is one appointed to handle legal action by and against a prisoner's estate. See Va. Code Ann. § 53.1-221 (West 2010). Stout is not suing his committee. Thus, the section 8.01-229(A)(3) of the Virginia Code does not apply. Liverman v. Johnson, No. 3:07cv00344, 2008 WL 2397544, at *4 (E.D. Va. June 12, 2008), aff'd, 318 F. App'x 166 (4th Cir. 2009) (No. 08-7253). Accordingly, Stout's first objection will be OVERRULED.

In his second objection, Stout contends that the statute of limitations should be tolled pursuant to section 8.01-229(E)(1) of the Virginia Code. That statute provides that, "if any action is commenced within the prescribed limitation period and for any cause abates or is dismissed without determining the merits, the time such action is pending shall not be computed as part of the period within which such action may be brought, and another action may be brought within the remaining period." Va. Code Ann. § 8.01-229(E)(1). Stout, however, does not identify the prior action wherein he raised complaints about his allegedly inadequate medical

5

care at the ADC between April 30, 2005 and May 3, 2005. Review of the Court's records reflect that prior to the present action, Stout filed two actions with this Court: Stout v. Hinkle, 3:07cv40 (E.D. Va. voluntarily dismissed Mar. 5, 2007) and Stout v. Kibble, 3:06cv850 (E.D. Va. voluntarily dismissed Jan. 14, 2008). Neither of these actions raised claims pertaining to Stout's confinement in the ADC. Rather, both actions raised claims pertaining to Stout's confinement in the Manassas Regional Jail in October of 2004. Accordingly, the foregoing actions do not entitle Stout to tolling under section 8.01-229(E)(1) of the Virginia Code. Stout's second objection will be OVERRULED. The Report and Recommendation will be ACCEPTED AND ADOPTED and the action will be DISMISSED. The Clerk will be DIRECTED to note the disposition of the action for purposes 28 U.S.C. § 1915(g).

The Clerk is DIRECTED to send a copy of the Memorandum Opinion to Stout.

An appropriate Order will issue.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: September 14, 2010
Richmond, Virginia